# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Nolan v. The Detroit Edison Company, et al.*, No. 2:18-cv-13359 (E.D. Mich.)

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are a DTE Energy ("DTE") employee who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan, or if you are a beneficiary of any such individual who is deceased, you could receive additional amounts from a class-action settlement.**

- A former employee of DTE (the "Plaintiff") has sued Defendants (listed below) regarding how her pension benefits were calculated under the DTE Energy Company Retirement Plan (the "Plan"). Plaintiff alleges that Defendants did not comply with the terms of the Plan or the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), with respect to participants who elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan in 2002.

- The Court has determined that the lawsuit can proceed as a class action for settlement purposes. The Class consists of current and former DTE employees who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan, and the beneficiaries of any deceased such DTE employees.

- Under the proposed Settlement, you may be eligible to receive an additional benefit under the Plan or a payment from DTE, depending on your particular circumstances. If you have satisfied the Plan's vesting requirements, to the extent feasible, the benefit to be paid to you will be paid through the Plan. If you have not satisfied the Plan's vesting requirements, then a payment will be paid to you from DTE.

- The Court has preliminarily approved the Settlement. In order for the Settlement to become final and any payments to be distributed, the Court will need to issue final approval after a final approval hearing, which is currently scheduled for _____, 2022.

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ARE A MEMBER OF THE CLASS, THIS SETTLEMENT WILL AFFECT YOUR RIGHTS.**

You are not required to take any action at this time. If the Settlement is approved by the Court, it will be allocated pursuant to a Plan of Allocation approved by the Court. If you have any objections to the Settlement, you may write to the Court and explain why you do not like one or more aspects of the proposed Settlement. You must do so by no later than _____, 2022.

**If you have any questions after you have read this Notice, contact Class Counsel; PLEASE DO NOT CONTACT THE COURT, DTE, or any of the Defendants with questions, as they ~~Court will~~may not be able to answer your questions.**

1

| **WHAT THIS NOTICE CONTAINS** |
|---|

BASIC INFORMATION ........................................................................................................... 3
    1. Why did I receive this Notice? .......................................................................................... 3
    2. What is this lawsuit about? ............................................................................................... 3
    3. What has happened so far in the lawsuit? ........................................................................ 3

THE CLASS ............................................................................................................................. 4
    4. What is a Class Action? ................................................................................................... 4
    5. Who is included in the Class? .......................................................................................... 4

THE SETTLEMENT ................................................................................................................. 5
    6. What does the Settlement provide? .................................................................................. 5
    7. What do I give up as a result of the Settlement? .............................................................. 5
    8. Why is there a Settlement? ............................................................................................... 5
    9. What will be my share of the Settlement? ....................................................................... 5
    10. When would I receive my portion of the recovery? ...................................................... 6
    11. Will I have to pay taxes on my portion of the recovery? ............................................... 7

OBJECTIONS ........................................................................................................................... 8
    12. How do I tell the Court what I think about the Settlement? .......................................... 8

THE FINAL APPROVAL HEARING ..................................................................................... 8
    13. When and where will the Court hold the Final Approval Hearing? .............................. 8
    14. Do I have to come to the Final Approval Hearing? ....................................................... 9
    15. May I speak at the Final Approval Hearing? ................................................................. 9
    16. What happens if I do nothing at all? ............................................................................... 9

THE LAWYERS REPRESENTING YOU ............................................................................ 10
    17. Do I have a lawyer in this case? .................................................................................... 10
    18. How will the lawyers for the Class be paid? ................................................................ 10

SETTLEMENT NOT YET FINAL ........................................................................................ 10
    19. Can the Settlement be terminated? ............................................................................... 10

GETTING MORE INFORMATION ...................................................................................... 11
    20. How do I get more information? .................................................................................. 11

## BASIC INFORMATION

### 1. Why did I receive this Notice?

You received this Notice because the Court has ordered that it be sent to Class members. Defendants' records show that you are a current or former DTE employee who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Pension Plan (as those terms are defined in the Plan attached as Exhibit 1 to the Complaint filed in the lawsuit), or are a beneficiary of any deceased such DTE employee. This means that you may be a Class member. This case is pending in the United States District Court for the Eastern District of Michigan, and is called *Nolan v. The Detroit Edison Company, et al.*, No. 2:18-cv-13359 (E.D. Mich.).

This Notice informs you of a proposed settlement (referred to as "Settlement" or "Settlement Agreement") of this class action. The Settlement calls for total payments of $5.5 million. A portion of this amount may be paid to you, after deduction of attorneys' fees and expenses, a service award to the Plaintiff who serves as the Class representative, and fees and costs of an independent fiduciary. It describes a Class member's rights and options in connection with the Settlement.

### 2. What is this lawsuit about?

The lawsuit is a class action brought under ERISA. The Plaintiff who brought the lawsuit is a former employee of DTE who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan as part of the Retirement Choice offering.

The Complaint brought three claims. Count I asserts that, under the terms of the Plan, Plaintiff and other Class members are entitled to the sum of (A) their frozen accrued benefit under the DTE Traditional Plan earned prior to June 1, 2002, plus (B) their benefit attributable to cash balance accounts established in their name under the DTE Cash Balance Plan pursuant to their election to move to the DTE Cash Balance Plan as part of a Retirement Choice program offered in 2002, as opposed to receiving the greater of (A) and (B). Count II asserts that disclosures regarding the 2002 Retirement Choice did not comply with ERISA § 102, which contains rules governing summary plan descriptions and summaries of material modifications. Count III asserts that disclosures regarding the Plan did not comply with ERISA § 204(h), which contains rules governing advance notice of certain plan amendments.

Defendants have denied the claims in this lawsuit and maintain that Plaintiff and other members of the Class are not entitled to relief.

### 3. What has happened so far in the lawsuit?

Plaintiff filed the Complaint on October 26, 2018, after her administrative claim was denied by the Plan Administrator. Defendants filed a motion to dismiss the Complaint. On July 9, 2019, the Court granted Defendants' motion to dismiss the Complaint in its entirety.

3

On March 23, 2021, the United States Court of Appeals for the Sixth Circuit issued an opinion affirming the dismissal of Count III, reversing the grant of Defendants' motion to dismiss as to Counts I and II, and remanding the case to the United States District Court for the Eastern District of Michigan for further proceedings. Plaintiff and Defendants then exchanged documents and information.

After the Court encouraged the parties to discuss the potential for settling the case, the parties engaged the services of a third-party, independent mediator: former Magistrate Judge Morton Denlow. As part of the mediation, the parties exchanged additional information. Plaintiff hired an expert (a pension actuary) to calculate the additional benefits Class members would receive if their benefit had been calculated pursuant to the "A+B" formula described in Section 2 above. After extensive negotiation, on December 22, 2021, the parties reached agreement on the preliminary terms of settlement to resolve the lawsuit. The parties then formalized and finalized their agreement and presented it to the Court.

On _____, 2022, the Court preliminarily approved the Settlement, certified a Class, and appointed Plaintiff's counsel as Class Counsel and Plaintiff as the Class Representative. A final hearing to evaluate the fairness and adequacy of the Settlement has been scheduled for _____, 2022.

## THE CLASS

### 4. What is a Class Action?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. In a class action, one or more people, called Plaintiffs, file suit on behalf of others with similar claims, called the Class or Class Members. If a class is certified, the Court appoints a person (or people) called the Class Representative(s), to represent and act on behalf of the class. Here, the Class Representative is Leslie Nolan.

### 5. Who is included in the Class?

The Class is defined as:

> All DTE employees who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan (as those terms are defined in the DTE Energy Company Retirement Plan (the "Plan") attached as Exhibit 1 to the Complaint), and the beneficiaries of any deceased such DTE employees.

If you are included in the above definition, you are included in the Class.

## THE SETTLEMENT

### 6. What does the Settlement provide?

The proposed Settlement requires Defendants to pay $5.5 million to settle the lawsuit (valued as of April 30, 2022). After deducting amounts for attorneys' fees and expenses, a service award to the Class Representative, and fees and costs of an independent fiduciary, the remaining amount (*i.e.*, the Net Settlement Amount) will be allocated to Class Members under a proposed methodology called the Plan of Allocation, described below, unless modified by the Court. The Settlement also requires Defendants to adopt and implement an amendment to the DTE Energy Company Retirement Plan that will adjust benefits for vested Class Members in accordance with and consistent with the Plan of Allocation.

This Notice is not to be understood as an expression of opinion by the Court as to the merits of any claim or defense. This Notice does not imply that there has been any violation of law or that the Class will recover if the lawsuit is not settled and instead is resolved in Court by trial or otherwise.

### 7. What do I give up as a result of the Settlement?

As part of the Settlement and in exchange for receiving the benefits of the Settlement, Class Members will release (or give up) all asserted and potential claims arising out of the facts or claims asserted in the Complaint or relating to or arising out of Class Members' election to move to the DTE Cash Balance Plan, including any claims for attorneys' fees, costs, expenses, or sanctions in connection with the foregoing, whether such claims arise under ERISA or any federal law, state law, foreign law, common law doctrine, rule, or regulation. The full content of the release is set forth in the formal Settlement Agreement.

### 8. Why is there a Settlement?

In deciding to settle the lawsuit, the Class Representative and Class Counsel considered, among other things, (a) the strength of the Class's claims as determined from a review of the law and an investigation of the facts; (b) the potential monetary recovery; (c) the expense and length of continued proceedings, including possible trial and post-trial proceedings and appeals, necessary to prosecute the lawsuit; (d) the risks arising from the existence of unresolved questions of law and fact; (e) the nature and strength of defenses asserted by and available to Defendants; and (f) the risks and uncertainties of continued litigation. The Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class.

### 9. What will be my share of the Net Settlement Amount?

The amount that you will receive from the Net Settlement Amount will be determined by the Plan of Allocation approved by the Court. Under the proposed Plan of Allocation, a Class Member will receive a benefit or payment based on his or her share of the Net Settlement Amount.

With the exception of non-vested Class Members (discussed below), the proposed Plan of Allocation allocates the Net Settlement Amount among the participant Class Members based upon a percentage of the total potential recovery had the Class Member been entitled to an "A+B" benefit. Class Counsel hired an expert pension actuary to calculate the additional benefit each Class members would receive if the Class Representative and the Class prevailed in the lawsuit and their benefit had been calculated pursuant to the "A+B" formula sought by the Class Representative. Under the proposed Plan of Allocation, a vested Class Member will generally receive 33.5% of that benefit (but in no case less than $100) measured in present value terms as of April 30, 2022.

For some vested Class Members, due to their particular circumstances, the discounted value of the additional benefit they would have received had the Class Representative and the Class prevailed in the lawsuit pursuant to the "A+B" formula would be less than $100 measured as of April 30, 2022. For these Class Members, they will receive $100 measured in present value terms as of April 30, 2022.

Payments to vested Class Members will be paid from the DTE Energy Company Retirement Plan.

In addition, certain Class Members did not satisfy the Plan's vesting requirements, and as such, are not entitled to payment of benefits from the Plan. For these non-vested Class Members, they will receive a payment of $50 measured in present value terms as of April 30, 2022. Payment of this Settlement amount for non-vested Class Members will not be paid from the DTE Energy Company Retirement Plan, but instead will be paid directly from DTE.

The proposed Plan of Allocation includes a listing of the proposed percentage of the Net Settlement Amount for each participant Class Member, and identifies each participant Class Member with a unique participant ID number.

### 10. When would I receive my portion of the recovery?

Payment is conditioned on the Court's approval of the Settlement and such approval becoming final and no longer subject to any appeals. If there is no appeal, the Settlement will become effective 30 days after the Court enters Final Judgment. If there is an appeal, the time to pay out the Net Settlement Amount would depend on how long it takes for the appeal process to be concluded, which could be more than a year after the Court approves the Settlement and enters Final Judgment.

Once the Settlement is approved and is no longer subject to any appeals, when and how Class Members will receive their portion of the Net Settlement Amount will depend on whether they previously received or are currently receiving pension benefit payments and the form in which they receive their benefits.

*Lump Sum Class Members:* Vested Class Members who already took their pension benefit in a lump sum will be provided a lump sum payment of their share of the Net Settlement Amount within 120~~60~~ days after the Settlement becomes non-appealable.

*Annuitant Class Members:* Vested Class Members who already began receiving their pension benefit (as of December 31, 2021) in the form of an annuity will be provided their share of the Net Settlement Amount in the form of both (1) an increase to their monthly annuity going forward, and (2) a single sum payment representing the difference between prior monthly payments received and the adjusted monthly annuity going forward, no later than the first day of the first calendar month that is at least 120 days after the Settlement becomes non-appealable.

*Active Employees or Deferred Vested Class Members:* Vested Class Members who have not yet begun receiving pension benefits (such as active employees or former employees who have deferred receipt of their pension benefits) will be provided their share of the Net Settlement Amount after the Settlement becomes non-appealable and once they are eligible to and elect to start receiving pension benefits under the DTE Energy Company Retirement Plan.

*Non-Vested Class Members:* Non-vested Class Members will be provided a lump sum payment of their share of the Net Settlement Amount within 60 days after the Settlement becomes non-appealable.

As the Settlement involves over 400 individuals, processing all of these distributions may take some time. Your patience is appreciated.

**11. Will I have to pay taxes on the additional benefits or payments that I receive?**

If you do nothing, under the proposed Plan of Allocation preliminarily approved by the Court, you will receive a distribution of a portion of the Net Settlement Amount, depending on the factors described above. With the exception of payments to non-vested Class Members, the parties intend to have the Net Settlement Amount paid through the DTE Energy Company Retirement Plan, in a manner consistent with how other benefits are paid from the DTE Energy Company Retirement Plan. For example, lump sum payments of less than $1,000 may be paid to you as a cash distribution without your consent. Similarly, the option to roll over any distribution will only be offered to Lump Sum Class Members and to Active Employees and Deferred Vested Class Members who elect to receive their plan benefits in a lump sum; Annuitant Class Members will not have the option to roll over any single sum payment because the plan is not permitted to allow rollovers of annuity payments. Any payments made or benefits provided pursuant to the Settlement are subject to all applicable laws, including ERISA and the Internal Revenue Code, which govern the operation of the plan as a tax-qualified plan. You should consult your own tax or legal advisor about the tax or legal implications of any benefits or payments that you receive as part of the Settlement.

## OBJECTIONS

**12. How do I tell the Court what I think about the Settlement?**

Any Class Member may object to any aspect of the Settlement or attorneys' fees or expenses by filing a written objection with the Court. To object, you must send a written statement that includes: (a) your full name and address and the full name and address of any counsel representing you (if any); (b) a written statement of the grounds for your objection, including any evidence supporting your objection; (c) any supporting memorandum or brief you wish to submit; (d) a list of any persons who will be called to testify in support of your objection(s), and the subject matter(s) on which such person(s) will testify; and (e) a statement of whether you intend to appear at the Final Approval Hearing, and, if you will appear through counsel, the identity of your counsel. Your objection should state the supporting bases and reasons for the objection, identify any and all witnesses, documents, or other evidence you would like to present at the Final Approval Hearing, and describe the substance of any testimony to be provided by you or other witnesses. Include your name, address, telephone number, signature, and the title of the case, *Nolan v. The Detroit Edison Company, et al.*, No. 2:18-cv-13359 (E.D. Mich.). Please be advised that failure to include these details may result in the Court refusing to consider your objection.

Your written objection must be either sent via U.S. Mail and postmarked, or electronically filed with the Court through the Court's electronic filing system, no later than _____, 2022, to:

United States District Court for the Eastern District of Michigan
Attn: Judge David M. Lawson / Objection to Nolan v. Detroit Edison Company Settlement
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 775
Detroit, MI 48226

If your written objection is sent by mail, you must also serve your written objection by U.S. Mail, postage prepaid and postmarked no later than _____, 2022, to each of the following counsel of record:

**Class Counsel**
Eva T. Cantarella
Hertz Schram PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302

**Defendants' Counsel**
Christopher K. Meyer
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

**IF YOU DO NOT OBJECT IN THE MANNER DESCRIBED IN THIS NOTICE, THE COURT MAY CONCLUDE THAT YOU HAVE WAIVED ANY OBJECTION AND MAY NOT PERMIT YOU TO SPEAK AT THE FINAL APPROVAL HEARING**

**THE FINAL APPROVAL HEARING**

**13. When and where will the Court hold the Final Approval Hearing?**

The Court will hold the Final Approval Hearing (also called the Fairness Hearing) before the Honorable David M. Lawson in Courtroom 767 of the United States District Court, Eastern District of Michigan, located at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, at _____ [a.m. / p.m.] on _____, 2022. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Court's online docket for any update. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, as well as how much to pay Class Counsel in fees, what to reimburse Class Counsel for their expenses, and what to pay the Class Representative as a Service Award. If there are objections or comments, the Court will consider them at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement and enter Final Judgment. We do not know how long these decisions will take. Please be patient.

**14. Do I have to come to the Final Approval Hearing?**

Your attendance is not required, even if you submit a written objection. Class Counsel will answer questions the Court may have at the Final Approval Hearing. If you or your personal attorney wants to attend the hearing, you may attend at your own expense. As long as any objection or comment you filed was submitted by the deadline above, the Court will consider it even if you do not attend the Final Approval Hearing.

**15. May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, so long as you are a member of the Class and have properly and timely submitted a written response or objection as set forth above and have stated in your written submission your intention to appear at the Final Approval Hearing.

**16. What happens if I do nothing at all?**

If you do nothing and you are entitled to participate in the Settlement, you will be bound by the Settlement, including the release of claims described above, and will participate as described above, if the Settlement is approved.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

Yes. The Court has appointed the following law firm to represent the Class:

HERTZ SCHRAM PC
Eva T. Cantarella
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Phone: 248-335-5000
Fax: 248-335-3346
Email: ecantarella@hertzschram.com

The Court has approved this law firm to serve as Class Counsel. You have the right to hire your own attorney (at your own expense), but if you are in the Class, you are not required to hire a separate attorney.

**18. How will the lawyers for the Class and the Class Representative be paid?**

Class Counsel began investigating this case in 2017 and litigated this matter for more than three years on a wholly contingent basis, which means that if the Plaintiff did not prevail, Class Counsel would not be paid anything for their services. Subject to approval of the Court, Class Counsel is permitted to seek an award of attorneys' fees as a percentage of the Settlement Amount, and reimbursement of its expenses incurred during the matter. These attorneys' fees pay for work performed on behalf of the Class. Before the Final Approval Hearing, Class Counsel will seek the Court's approval of an award of attorneys' fees in the amount of $1,833,333.33 (which represents one-third of the $5.5 million Settlement amount), an award of expenses in the amount of $73,272.08, which includes expenses relating to Plaintiff's hiring of an expert actuary, and a Service Award to the Class Representative Leslie Nolan of $15,000 as compensation for time and expenses spent serving as the Class Representative. Class Counsel's motion for approval of attorneys' fees, expenses, and a Service Award will be filed 60 days before the Final Approval Hearing. Whether the Settlement is approved or not, you will not be required to pay directly any attorneys' fees or other expenses or costs; any attorneys' fees, costs, and Service Award will be paid out of the Settlement Amount in the amounts approved by the Court.

## SETTLEMENT NOT YET FINAL

**19. Can the Settlement be terminated?**

If there is no final Court approval of the proposed Settlement in this case, or if Class Counsel or Defendants withdraw from the Settlement Agreement in accordance with the Settlement Agreement, or if the Settlement Agreement is not consummated for any other reason, the Settlement Agreement will become null and void, and the parties will resume their former positions in the lawsuit.

## GETTING MORE INFORMATION

### 20. How do I get more information?

This Notice contains a summary of the proposed Settlement and your rights as a Class Member. Full details of the Settlement are set forth in the Settlement Agreement. You may obtain additional information regarding the matters involved in this lawsuit by reviewing the papers on file in this litigation, which may be (a) inspected, during business hours, at the United States District Court for the Eastern District of Michigan Clerk's Office, located at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226, or (b) accessed online for a fee by obtaining a password at www.uscourts.gov.

If you have questions about the proposed Settlement, you may contact Class Counsel at:

HERTZ SCHRAM PC
Eva T. Cantarella
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Phone: 248-335-5000
Fax: 248-335-3346
Email: ecantarella@hertzschram.com

If your contact information changes after you receive this Notice, you should contact Class Counsel. You may email any updates to your contact information to Class Counsel at ecantarella@hertzschram.com.

**Please do not contact DTE or any of the Defendants about this Settlement. They may not be able to give you additional information.**

**OTHER THAN ANY WRITTEN OBJECTIONS YOU MAY WISH TO SUBMIT, PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

Dated: _____, 2022

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN