# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Leslie D. Nolan, individually and
on behalf of all others similarly situated,
     Plaintiff,

v.

                                        Case No. 2:18-cv-13359-DML
                                        Hon. David M. Lawson

The Detroit Edison Company;
DTE Energy Corporate Services LLC,
an Affiliated Company of the Detroit
Edison Company; DTE Energy Company
Retirement Plan; DTE Energy Benefit Plan
Administration Committee; Janet Posler, as
Designated Representative for DTE Energy
Benefit Plan Administration Committee;
Qualified Plan Appeals Committee [Michael
S. Cooper, Renee Moran, Jerome Hooper]      **CLASS ACTION**
     Defendants

| | |
|---|---|
| Eva T. Cantarella (P51917) | Christopher K. Meyer; Mark B. Blocker & |
| Robert P. Geller (P34391) | Benjamin I. Friedman |
| Patricia A. Stamler (P35905) | Sidley Austin LLP |
| Hertz Schram PC | One South Dearborn St. |
| 1760 S. Telegraph Rd. | Chicago, Ill. 60603 |
| Bloomfield Hills, MI 48302 | o. 312-853-0523 |
| o. 248-335-5000 | cmeyer@sidley.com; mblocker@sidley.com; |
| ecantarella@hertzschram.com | and benjamin.friedman@sidley.com |
| rgeller@hertzschram.com | |
| pstamler@hertzschram.com | |
| *Class Counsel* | Paula Johnson-Bacon (P55862) |
| | DTE Energy, One Energy Plaza |
| | Detroit, MI 48226 |
| | o. 313-235-7052 |
| | paula.bacon@dteenergy.com |
| | *Attorneys for Defendants* |

## CLASS COUNSEL'S AND CLASS REPRESENTATIVE LESLIE D. NOLAN'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

Pursuant to Fed. R. Civ. P. 23(e)(2), Class Counsel and Class Representative Leslie D. Nolan ("Nolan") move for final approval of the Settlement Agreement preliminarily approved by the Court on July 5, 2022.  ECF 83.  Defendants concur in the relief requested, which is supported by the attached brief.

Respectfully submitted October 4, 2022

/s/ Eva T. Cantarella
Eva T. Cantarella (P51917)
Robert P. Geller (P34391)
Patricia A. Stamler (P35905)
Hertz Schram PC
1760 S. Telegraph Rd.
Bloomfield Hills, MI 48302
o. 248-335-5000; f. 248-3353346
ecantarella@hertzschram.com
*Class Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Leslie D. Nolan, individually and
on behalf of all others similarly situated,
     Plaintiff,

v.                       Case No. 2:18-cv-13359-DML
                              Hon. David M. Lawson

The Detroit Edison Company;
DTE Energy Corporate Services LLC,
an Affiliated Company of the Detroit
Edison Company; DTE Energy Company
Retirement Plan; DTE Energy Benefit Plan
Administration Committee; Janet Posler, as
Designated Representative for DTE Energy
Benefit Plan Administration Committee;
Qualified Plan Appeals Committee [Michael
S. Cooper, Renee Moran, Jerome Hooper]     **CLASS ACTION**
     Defendants

| | |
|---|---|
| Eva T. Cantarella (P51917) | Christopher K. Meyer; Mark B. Blocker & |
| Robert P. Geller (P34391) | Benjamin I. Friedman |
| Patricia A. Stamler (P35905) | Sidley Austin LLP |
| Hertz Schram PC | One South Dearborn St. |
| 1760 S. Telegraph Rd. | Chicago, Ill. 60603 |
| Bloomfield Hills, MI 48302 | o. 312-853-0523 |
| o. 248-335-5000 | cmeyer@sidley.com; mblocker@sidley.com; |
| ecantarella@hertzschram.com | benjamin.friedman@sidley.com |
| rgeller@hertzschram.com | |
| pstamler@hertzschram.com | Paula Johnson-Bacon (P55862) |
| *Class Counsel* | DTE Energy, One Energy Plaza |
| | Detroit, MI 48226 |
| | o. 313-235-7052 |
| | paula.bacon@dteenergy.com |
| | *Attorneys for Defendants* |

## BRIEF IN SUPPORT OF CLASS COUNSEL'S AND CLASS REPRESENTATIVE LESLIE D. NOLAN'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

QUESTION PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CONTROLLING/MOST APPROPRIATE AUTHORITY . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     PERTINENT PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    DISCOVERY, MEDIATION, AND SETTLEMENT. . . . . . . . . . . . . . . . 4

IV.     SETTLEMENT TERMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      THE COURT'S PRELIMINARY APPROVAL ORDER. . . . . . . . . . . . . 6

VI.     CLASS NOTICE AND REACTION TO THE SETTLEMENT. . . . . . . . . 7

VI.     REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

I.      ALL RULE 23(e)(2) REQUIREMENTS ARE SATISFIED . . . . . . . . . . 10

        A.      Nolan and Class Counsel Have Adequately Represented the Class . 11

        B.      The Settlement Was Negotiated at Arm's Length. . . . . . . . . . . . . . 12

        C.      The Relief Provided for the Class Is Adequate . . . . . . . . . . . . . . . . 13

        D.      The Settlement Agreement Treats Class Members Equitably
                Relative to Each Other. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

II.     THE REACTION OF ABSENT CLASS MEMBERS FAVORS
        FINAL APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION AND RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## QUESTION PRESENTED

Should the Court grant final approval of the Settlement Agreement it preliminarily approved on July 5, 2022?

Class Counsel and Class Representative Leslie D. Nolan say "Yes."
Defendants concur, and there have been no objections filed by Class members.

## CONTROLLING/MOST APPROPRIATE AUTHORITY

## Cases

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*
636 F.3d 235 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Court Rules

Fed. R. Civ. P. 23(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

# INDEX OF AUTHORITIES

**Cases**

*Clark v. Duke Univ.*
No. 1:16-cv-1044, 2019 U.S. Dist. LEXIS 105696 (M.D. N.C. June 24,2019) . . 15

*High St. Rehab., LLC v. American Specialty Health Inc.*
No. 2:12-cv-07243, 2019WL 4140784 (E.D. Pa. Aug. 29, 2019). . . . . . . . . . . . 15

*In re Broadwing Inc. ERISA Litig.*
252 F.R.D. 369 (S.D. Ohio 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In re Pool Prods. Distrib. Mkt. Antitrust Litig.*
MDL No. 2328 Section R(2), 2015 WL452880 (E.D. La. July 27, 2015) . . . . . . 16

*Koenig v. U.S.A. Hockey, Inc.*
No. 2:09-cv-1097, 2012 WL 12926023 (S.D. Ohio Jan. 10, 2012). . . . . . . . . . . 12

*Nolan v. Detroit Edison Co*
991 F.ed 697 (6th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*
636 F.3d 235 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stanley v. Turner Oil & Gas Properties, Inc.*
2018 WL 2928028 (S.D. Ohio June 12, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Whitford v. First Nationwide Bank*
147 F.R.D. 135 (W.D. Ky. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Statutes**

29 U.S.C. §1022 [ERISA §102]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. §1054 [ERISA §204]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Court Rules**

Fed. R. Civ. P. 23(b)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 23(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

Fed. R. Civ. P. 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

**Other**

Securities Class Action Settlements: 2016 Review and Analysis
(Cornerstone   Research,   2017;   https://www-cdn.law.stanford.edu/wp-
content/uploads/2019/01/Settlements-Through-12-2016-Review-1.pdf). . . . . . . 16

**INTRODUCTION**

On July 5, 2022, this Court preliminarily approved the Parties' Class Action Settlement Agreement, which resolves Plaintiff's and the class's claims against Defendants under the Employee Retirement Income Security Act ("ERISA"). The Court's preliminary approval order found that "plaintiff has presented a sufficient basis to certify a settlement class . . . and has shown that the settlement proposal merits approval." ECF 85, PageID.3605.

The Court should now grant final approval of the Settlement. In addition to the reasons the Court granted preliminary approval, the reaction of the independent fiduciary and the class reinforce the Court's prior analysis and confirm that all of the criteria for final approval are satisfied. First, an independent fiduciary reviewed the settlement for reasonableness on behalf of the Plan, and found that the Settlement Agreement is fair and reasonable. The only amendment to the Settlement Agreement the independent fiduciary requested was clarification that the independent fiduciary is not a released party (which the parties did not intend), and Plaintiff seeks approval of that amendment as well. Second, the class notice was sent to all 466 Class Members—and not one objected to the Settlement. On the contrary, nearly all Class Members who called Class Counsel about the Settlement expressed appreciation of their hard work and the results achieved. Accordingly, Plaintiff, on behalf of the class, respectfully requests that the Court: (i) approve the amendment to the

Settlement Agreement, both attached as Exhibit 1; and (ii) grant this motion for final approval of the Settlement Agreement as amended.

## BACKGROUND

## I.   FACTUAL BACKGROUND

Prior to 2002, Defendant Detroit Edison Company ("DTE") sponsored the DTE Energy Company Retirement Plan, effective December 31, 2001 ("Plan"). ECF 75-2. The Plan contained two formulas for computing Participants' pensions--one for Participants in the Traditional Plan ("TP"), and the other for Participants who chose to move to the Cash Balance Plan ("CBP").  *Id.* at §§2.01 and 6.01, PageID.3233, 3267.

Under the TP formula, the benefit was computed as a percentage-of-pay multiplied by years of service and was payable in the form of a monthly annuity.  *Id.* at §6.04, PageID.3268.  Under the CBP formula, the benefit was computed by reference to a hypothetical account that started with an opening balance to which Contribution Credits ("CCs") (a percentage of compensation) and Interest Credits ("ICs") were added each year, and then was payable as either a lump sum or annuity. *Id.* at §5.02, PageID.3262, 3263.

In February 2002, DTE offered all Participants in the TP the option to move to the CBP formula.  In connection with this offer, DTE sent all such Participants a Retirement Choice Decision Guide ("Guide").  ECF 75-3, PageID.3393.  For Nolan

and all other Participants who accepted the offer, their retirement benefits were computed under the CBP formula effective June 1, 2002. Plan §5.02(b), ECF 75-2, PageID.3262.

When Nolan transferred to the CBP, she had 22½ years of service with DTE and had earned a pension under the TP in the amount of $1,581.19/month. Pension Calculation Statement, ECF 75-4, PageID.3439. When Nolan retired fifteen-and-one-half years later, DTE determined she was entitled to this same monthly amount by operation of the Plan terms because her TP benefit was larger than her CBP benefit. 11/06/2017 Letter from DTE to Nolan, ECF 75-5, PageID.3444. Nolan alleges this determination was incorrect based on both the terms of the Plan and the Guide. She claims the Guide promised that if she transferred to the CBP she would receive (A) her "frozen and protected" TP benefit earned before the transfer, plus (B) CCs and ICs she earned thereafter under the CBP ("the A+B Benefit Promise"). ECF 75-3, PageID.3398, 3399. She also asserts that §§2.01 and 6.01 of the official Plan document, when read together, also communicate the A+B Benefit Promise. ECF 75-2, PageID.3233, 3267. DTE disputes Nolan's interpretation of the Guide and Plan, reasoning it is contrary to the plain language of the Plan and, among other things, would have the effect of double-counting the "A" benefit.

## II.    PERTINENT PROCEEDINGS

On October 26, 2018, Nolan filed a three-count putative Class Action Complaint against DTE, one of its affiliates, the DTE Energy Benefit Plan Administration Committee, and individuals involved in the administrative denial of her claims (collectively, "DTE").  Count I alleged that DTE breached the Plan terms by failing to honor the A+B Benefit Promise.  ECF 1, PageID.38-40.  Count II alleged the Guide violated ERISA §102's disclosure rules.  *Id*. PageID 41-49.  Count III alleged that DTE violated ERISA §204(h) by failing to provide participants with a proper notice of the amendment to the Plan adopting the CBP.  *Id*. PageID 49-53.

DTE filed a Motion to Dismiss the Complaint, which this Court granted.  ECF 33.  The Sixth Circuit affirmed the dismissal of Count III, reversed the dismissal of Counts I and II, and remanded this matter for further proceedings.  *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 716 (6th Cir. 2021).

## III.    DISCOVERY, MEDIATION, AND SETTLEMENT

On remand, the Parties engaged in extensive discovery.  DTE's attorneys served Nolan with interrogatories and document requests and deposed her for a full day. DTE subpoenaed documents from seven other Class Members that plaintiff had identified and deposed six of them.  Nolan served Defendants with two sets of interrogatories, two sets of document requests, and one set of requests to admit, and deposed two 30(b)(6) deponents from DTE.  Nolan's counsel reviewed more than

10,000 pages of documents and information.  The parties then exchanged expert reports and damages computations prepared by their actuaries.

After this discovery was completed, the Parties participated in a full-day mediation with the Hon. Morton Denlow (Retired), a former United States Magistrate Judge in the Northern District of Illinois and a highly respected mediator who has substantial experience mediating ERISA class actions.  Although the Parties did not reach a settlement during the initial mediation session, they continued to discuss the possibility of settlement over the ensuing weeks, both with and without the mediator.  Eventually, the Parties agreed to a settlement amount and negotiated the comprehensive Settlement Agreement that is the subject of this motion.

## IV.    SETTLEMENT TERMS

The Settlement Agreement provides a gross settlement amount of $5,500,000—which was approximately 52% of the Class's claimed damages. Ex. 1 §IV.A.  After deducting the amount Plaintiff's counsel has sought for attorneys' fees and expenses, the requested service award for Nolan, and independent fiduciary fees, the Net Settlement Amount will be $3,563,959.59. *Id*. §IV.B.  Under Plaintiff's proposed Plan of Allocation, all 466 Class Members will receive a portion of the settlement and 435 of those Class Members will receive 33.5% of their A+B damages.  The other 31 Class Members were either not vested or had nominal or no A+B damages, and therefore will receive small amounts that collectively total $3,750.

The settlement proceeds will be distributed in one of two ways, depending on whether the Class Member already received a distribution from the plan. Participants who took a lump sum benefit or whose benefit type is unknown will receive their portion of the settlement in a lump sum. For Participants who took their benefits in the form of a monthly annuity, they will receive a portion of their settlement proceeds as a lump sum and a portion as an increase to their future monthly annuity payments.

In exchange for this substantial recovery, the Settlement Agreement provides for standard releases. Specifically, the Settlement Agreement provides that Plaintiff and the Class will release Defendants and certain other individuals and entities of all asserted and potential claims arising out of the allegations in the Complaint. The release also includes claims for attorneys' fees, costs, and expenses. Because the Settlement Agreement contemplates a non-opt-out Class, all Class Members will be releasing their claims.

At the request of the independent fiduciary, the Parties subsequently clarified via an amendment that the release does not cover the independent fiduciary, who was retained on behalf of the Plan to review the terms of the Settlement.

## V.   THE COURT'S PRELIMINARY APPROVAL ORDER

On March 28, 2022, Nolan filed Plaintiff's Unopposed Motion for Certification of Conditional Settlement Class and Preliminary Approval of Settlement Agreement, along with a brief in support and Exhibits (collectively, "the Preliminary Approval

Motion"). ECF 75. On July 5, 2022, the Court (i) conditionally certified the proposed Settlement Class under Fed. R. Civ. P. 23(b)(1)(A) [a non opt-out class], and (ii) preliminarily approved the Settlement Agreement ("the Preliminary Approval Order"), defining the Settlement Class as follows:

> All DTE employees who, in 2002, elected to transfer from the DTE Traditional Plan to the DTE Cash Balance Plan, (as those terms are defined in the DTE Energy Company Retirement Plan (the "Plan") attached as Exhibit 1 to the Complaint, and the beneficiaries of any deceased such DTE employees.

ECF 83, PageID.3596. The parties agree that 466 persons meet this definition. ECF 75, PageID.3203.

## VI.   CLASS NOTICE AND REACTION TO THE SETTLEMENT

Pursuant to the Court's Preliminary Approval Order, Defendants retained Analytics Consulting LLC ("Analytics") to distribute notice of the proposed Settlement to Class Members. Ex. 2 (Mitchell Declaration). On August 19, 2022, Analytics mailed the Class Notice to each of the 466 Class Members identified by the Plan's recordkeeper via first class mail and also sent emails containing the Class Notice to those Class Members who had email addresses on file with the Plan's recordkeeper. *Id*. ¶ 6.

Prior to mailing the Class Notice, the Plan's recordkeeper took reasonable steps to verify Class Members' addresses. Specifically, the Plan's recordkeeper cross-referenced the addresses of Class Members with the United States Postal Service

National Change of Address ("NCOA") database.  For Class Members' whose addresses may have changed, the Plan's recordkeeper sent letters asking Class Members to confirm their current address.  In the event that any Class Notices were returned, Analytics re-mailed the Class Notice to any forwarding address that was provided and performed a skip trace in an attempt to ascertain a valid address for the affected Class Member.  As a result, the notice program was very effective.  Out of 466 notices that were mailed, only 17 were ultimately returned as undeliverable.  Ex. 2, ¶7.  In addition, out of the 341 emails sent to Class Members, only 25 were returned as undeliverable. *Id.*

In the event that any Class Members desired further information, Analytics established a settlement website at https://nolandetroitedisonsettlement.com/. *Id.* Among other things, the settlement website included: (1) a "Frequently Asked Questions" page containing a clear summary of essential case information; (2) a "Home" page and "Important Dates" page, each containing clear notice of applicable deadlines; (3) a "Court Documents" page, which includes case and settlement documents for download (including the Class Notice, Settlement Agreement, Preliminary Approval Order, and Class Counsel's Unopposed Motion for Common Fund Fees, Expenses, and Service Award for Class Representative Leslie D. Nolan, and related documents; and (4) email, phone, and U.S. mail contact information for Class Counsel. *Id.*

The deadline to file objections to the Settlement was September 27, 2022. ECF 85, PageID.3619. No Class Members filed objections to the Settlement. On the contrary, nearly all Class Members who called Class Counsel about the Settlement expressed appreciation for their hard work and the results achieved.

## VII.   REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY

Under Section V.A. of the Settlement Agreement, the Settlement required the retention of an independent fiduciary to evaluate the settlement and releases for the Plan. The Plan retained Newport Group, a company with substantial experience in reviewing the fairness and reasonableness of ERISA class action settlements on behalf of an ERISA plan. Newport undertook its own evaluation of the settlement, which included a review of key case documents and interviews of the counsel for each of the Parties. Newport Group subsequently issued a written report opining that the settlement agreement was fair and reasonable to the Plan. A copy of the report is attached hereto as Exhibit 3.

As part of its review of the Settlement Agreement, Newport Group requested that the Parties clarify that the Settlement does not release Newport Group. On September 29, 2022, the Parties executed an amendment to the Settlement Agreement making this clarification. A copy of the amendment is included in Exhibit 1 attached to this motion, and this motion also seeks approval of that amendment.

## ARGUMENT

Class Counsel and Nolan now seek final approval of the Settlement Agreement. As explained below, such approval is warranted and is reviewed by appellate courts only for abuse of discretion. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244-45 (6th Cir. 2011).

## I.     ALL RULE 23(e)(2) REQUIREMENTS ARE SATISFIED

Under the Federal Rules of Civil Procedure, if a settlement agreement would bind Class Members, the court may approve it only after a hearing and a finding that it is fair, reasonable, and adequate after considering whether--

(i) the class representatives and class counsel have adequately represented the class;

(ii) the settlement was negotiated at arm's length;

(iii) the relief provided for the class is adequate (taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, the terms of any proposed award of attorney's fees, and any agreement made by the parties); and

(iv) the settlement agreement treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2) (slightly paraphrased). Each of these requirements is met here.

**A.      Nolan and Class Counsel Have Adequately Represented the Class.**

Class Counsel has vigorously litigated this case from the outset.   After Defendants denied Nolan's administrative appeal, Class Counsel filed a detailed 52-page, three-count Class Action Complaint against Defendants.   This complaint was thoroughly researched and contained input from plaintiffs' counsel's actuarial consultant.   As noted above, the complaint alleged three counts:   In Count I, Nolan alleged that DTE breached its AB Benefit Promise under the Plan, as she received only the "A" (her TP benefit), but not the "B" (her CCs and ICs earned under the CBP). ECF 1, PageID.38-40.   In Count II, Nolan alleged the Guide violated ERISA §102's disclosure rules by promising the A+B Benefit, but failing to explain that, if interest rates fell, she might receive something less, or no new benefits at all.   *Id*. PageID.41-49.   Count III alleged that DTE violated ERISA §204(h) by failing to provide a proper notice of the CBP amendment and its effect on the rate of future benefit accrual, which rate could be zero. *Id*. PageID.49-53.

Defendants subsequently moved to dismiss the complaint and separately moved for judgment on the administrative record as to Count I of the Complaint, which Class Counsel opposed. ECF 22, 24, 27, and 30.   The Court granted the motion to dismiss with prejudice. ECF 33.

Plaintiff appealed, and the Sixth Circuit affirmed the judgment as to Count III, but reversed as to Counts I and II.

On remand, Defendants renewed their motion for judgment on the administrative record as to Count I, which Class Counsel opposed.  At the same time, Class Counsel pursued extensive discovery on Count II, including serving interrogatories and document requests, reviewing more than 10,000 pages of documents, deposing two Rule 30(b)(6) witnesses, retaining an actuarial expert, and serving the actuarial expert's report.  Class Counsel also prepared a motion to strike Defendants' expert report and preclude DTE's expert from testifying, but the Parties settled before the motion was filed.

In the Amended Preliminary Approval Order ("Order"), this Court found that the Class "is represented by qualified and zealous ERISA attorneys with ample experience litigating class-action suits."  ECF 85, PageID.3611.  The record demonstrates that Class Counsel has adequately represented the Class, and thus the first Rule 23(e)(2) requirement is satisfied.

## B.    The Settlement Was Negotiated at Arm's Length.

In this Circuit, "Courts presume the absence of fraud or collusion" in reaching a settlement "unless there is evidence to the contrary." *Stanley v. Turner Oil & Gas Properties, Inc.*, 2018 WL 2928028, at *5 (S.D. Ohio June 12, 2018).  Accordingly, Courts consistently approve class action settlements reached through arms-length negotiations after meaningful discovery. *See Koenig v. U.S.A. Hockey, Inc.*, No. 2:09-cv-1097, 2012 WL 12926023, at *4 (S.D. Ohio Jan. 10, 2012) ("Based on the

pleadings filed, as well as the discovery and mediation efforts, the Parties have a clear view of the strengths and weaknesses of their cases.") (citation omitted). That is exactly the situation here.

Throughout this case, the Parties have dealt with each other at arms' length. The parties engaged in extensive formal discovery, including both written discovery and depositions, before attending an all-day mediation session with a neutral mediator with extensive experience in ERISA class action litigation.  Accordingly, the Court previously found that the "parties have litigated the merits of the claims over more than three years, through two rounds of vigorously contested dipositive motions and an appeal to the Sixth Circuit." ECF 85, PageID.3614.

Given these facts and the Court's findings discussed in this Part B, it is clear that the Settlement was negotiated at "arm's length," which satisfies Rule 23(e)(2)'s second requirement.

## C.   The Relief Provided for the Class Is Adequate.

To determine whether a settlement agreement is adequate, Rule 23(e)(2)(C) requires the Court to consider: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class; and (iii) the terms of any proposed award of attorneys' fees.

_The Costs, Risks, and Delay of Trial and Appeal._  At the time the Parties agreed on the Settlement, this case had been pending for more than three years, the parties

had fully briefed Defendants' motion for judgment on the administrative record as to Count I, and were pursuing extensive discovery on Count II.  As this Court previously noted, "[i]f the settlement agreement is not approved, protracted litigation is likely." ECF 85, PageID.3615.  That determination was correct, and thus the first Rule 23(e)(2)(C) factor weighs in favor of approval.

Defendants were represented by experienced counsel who had advanced a vigorous defense of the claims.  Defendants also had an expert who was prepared to testify that the use of greater-of formulas was common and typical, and that the documents communicating the option to switch to the CB formula were consistent with a greater-of formula, and that plaintiff's reading of the documents would have resulted in a double-recovery.  While plaintiffs intended to move to exclude Defendants' expert, his testimony would have been powerful evidence at trial for defendants.  His report underscores the risks that the class took in advancing this claim, and that the settlement amount represents a reasonable outcome for the class.

*Effectiveness of Distributing Relief to the Class.*  As discussed above, under the proposed Plan of Allocation, all 466 Class Members will receive a portion of the proposed settlement amount.  The settlement proceeds will be distributed in one of three ways, none of which requires Class Members to file a claim.  First, for Class Members who have not yet taken their benefits, they will be provided a new hypothetical account (i.e., in addition to their current CBP account) to which their

A+B settlement amount will be allocated in a single sum form that will earn interest at the Plan's interest crediting rate until such time as they elect a distribution of their Plan benefits. *Id*. PageID.3500.   Second, for Class Members who took a lump sum benefit, or whose annuity benefit was discontinued on account of death, they (or their beneficiary or estate in the case of a deceased Class member), will receive their portion of the settlement in a lump sum.   Third, for Class Members who took a distribution through a monthly annuity, they will receive a portion of their settlement proceeds as a lump sum and a portion as an increase to their future monthly annuity payments.   Because all Class Members will be entitled to their allocated settlement amount without filing a claim, the method for distributing the settlement is extremely effective and this requirement is easily satisfied.

   *The Terms of the Proposed Fee Award.*   Class Counsel has sought $1,833,333.33 as a fee award for litigating this case.   As discussed above, after deducting the amounts sought by Class Counsel as a fee award and a "banner" award for Nolan, more than 90% of Class Members will received 33.5% of their A+B Damages (and the remaining Class Members either had no or nominal damages). That is a higher percentage recovery than many ERISA class actions,[1] which indicates

---

[1] *See High St. Rehab., LLC v. American Specialty Health Inc.*, No. 2:12-cv-07243, 2019WL 4140784 *33 (E.D. Pa. Aug. 29, 2019) (ERISA) (approved $11.75 million settlement fund which represented 11% of estimated damages); *Clark v. Duke Univ.*,No. 1:16-cv-1044, 2019 U.S. Dist. LEXIS 105696 *6, 10-11 (M.D. N.C. June 24,2019) (ERISA) (approved gross settlement fund of $10.65million where the net

(continued...)

that this factor also weighs in favor of finding that the Settlement is adequate.

After reviewing the terms of the Settlement Agreement, including the Plan of Allocation, the Court found the Settlement Agreement "adequate, reasonable, and fair" to the Class. ECF 85, PageID.3614-3616. As discussed above, the Court's finding at the preliminary approval stage was correct and the third requirement of Rule 23(e)(2) is satisfied.

### D. The Settlement Agreement Treats Class Members Equitably Relative to Each Other.

The Settlement Amount is $5.5 million. ECF 75-11, PageID. 3490. After deducting the requested legal fees, expenses, the independent fiduciary fee of $15,000, and a $15,000 service award for Nolan, the Net Settlement Amount available for distribution to Class Members is $3,563,959.59. *Id*. PageID.3495. Under the Plan of Allocation, 435 of the 466 Class Members will receive 33.5% of their A+B damages, while the remaining 31 Class Members, who either were not vested or had nominal or no A+B damages, will receive distributions ranging from

---

(...continued)

afterfees and expenses was $5.97 million and estimated damages exceeded $44.8 mllion);Securities Class Action Settlements: 2016 Review and Analysis at 8 (CornerstoneResearch, 2017; https://www-cdn.law.stanford.edu/wp-content/uploads/2019/01/Settlements-Through-12-2016-Review-1.pdf)(in securities class actions withestimated damages under $50 million median percentage recovery was 7.3%)*; In re Pool Prods. Distrib. Mkt. Antitrust Litig*., MDL No. 2328 Section R(2), 2015 WL452880 *40 (E.D. La. July 27, 2015) (approved $2 million settlement fund for "indirect purchaser plaintiffs," noting it was 8.5% of their "best case projection" for actual damages).

$50 to $100, and collectively totaling $3,750. *Id.* PageID.3498, 3499-3501; and ECF 75-13, PageID.3530-3548. By awarding each Class Member the same percentage of their damages or the same dollar amount, the Settlement Agreement treats Class Members equitably relative to each other and, as such, satisfies the fourth requirement of Rule 23(e)(2).

## II.   THE REACTION OF ABSENT CLASS MEMBERS FAVORS FINAL APPROVAL

While the Order notes that the views of absent Class Members to the proposed settlement were not then known, the reaction of the class once notified was extremely favorable: no Class Members objected.

This reaction is significant because the parties made extensive efforts to notify every Class Member. On August 19, 2022, Defendants sent the Court-approved Notice to the Class via (i) United States mail to their last-known address based on the Plan's and/or DTE's records, and (ii) email to the extent the Plan and/or DTE had an email address on file for the Class Member. ECF 86.

The Notice provided Class Members with considerable information about the Settlement, including (i) the nature of the dispute, (ii) a brief procedural history of the litigation, (ii) when back benefits will be paid, (iii) the fees and expenses requested by Nolan's attorneys, (iv) the service award sought for Nolan, (v) how and when to

object to the Settlement, and (vi) the date, time, and location of the Final Approval hearing.  ECF 75-12; and ECF 82 (revised page 8 of Notice).

Nearly all Class Members who contacted Class Counsel about the Settlement expressed appreciation for their hard work and the results achieved.  And, as of this filing, the parties had not received any objections to the proposed settlement, which "indicates that the Class supports the Settlement*." In re Broadwing Inc. ERISA Litig.*, 252 F.R.D. 369, 376 (S.D. Ohio 2006); *see also Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992).

## CONCLUSION AND RELIEF REQUESTED

All Rule 23(e)(2) requirements for approval of the Settlement Agreement are satisfied and, as of this filing, no Class Member has filed an objection.  Therefore, Class Counsel and Class Representative Nolan respectfully request that the Court: (i) approve the amendment to the Settlement Agreement included in Exhibit 1; (ii) grant this motion for final approval of the Settlement Agreement as amended; and (iii) enter an order substantially similar to the order submitted herewith.

Respectfully submitted October 4, 2022

/s/ Eva T. Cantarella
Eva T. Cantarella (P51917)
Robert P. Geller (P34391)
Patricia A. Stamler (P35905)
Hertz Schram PC
1760 S. Telegraph Rd.
Bloomfield Hills, MI 48302
o. 248-335-5000; f. 248-3353346
ecantarella@hertzschram.com
*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I served Class Counsel's and Class Representative Leslie D. Nolan's Unopposed Motion for Final Approval of the Settlement Agreement and Brief in Support on Defendants' attorneys listed below via the Court's CM/ECF system.

I emailed these same attorneys (i) a proposed Order respecting the Unopposed Motion for Final Approval of the Settlement Agreement, and (ii) separate proposed Order respecting Class Counsel's Unopposed Motion for Common Fund Fees, Expenses, and a Service Award for Class Representative Leslie D. Nolan. I uploaded both proposed Orders to the Court using the Utility function of the Court's CM/ECF system.

Christopher K. Meyer
Mark B. Blocker
Benjamin I. Friedman
Sidley Austin LLP
One South Dearborn St.
Chicago, Ill. 60603
o. 312-853-0523
cmeyer@sidley.com
mblocker@sidley.com
benjamin.friedman@sidley.com

Paula Johnson-Bacon (P55862)
DTE Energy
One Energy Plaza
Detroit, MI 48226
o. 313-235-7052
paula.bacon@dteenergy.com
*Attorneys for Defendants*

/s/ Eva T. Cantarella
*Class Counsel*